COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-036-CR

 

 

JOSEPH FRANK RICHARDS                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

A jury convicted Appellant
Joseph Frank Richards of sexually assaulting his daughter, S.R., and assessed
punishment at twenty years= confinement.  In a single
point, Appellant argues that the trial court erred by excluding as hearsay
certain drawings and writings made by S.R. 
We affirm.

 








                             Factual and Procedural Background

Because Appellant does not
challenge the sufficiency of the evidence, we will limit our review of the
evidence to that necessary to put Appellant=s sole point in context.

S.R., who was eighteen years
old at the time of trial, accused Appellant of sexually assaulting her when she
was eleven or twelve years old.  At
trial, Appellant advanced the theory that S.R. fabricated the accusation
because she hated Appellant.  S.R.
admitted on cross examination that she wished Appellant was dead and wrote in a
letter to a friend, AI=d like to have [Appellant] killed.@  S.R.=s mother testified that S.R. practiced witchcraft and devil worship. 

To support his defensive
theory, Appellant offered an exhibit comprising six pages of S.R.=s handwriting and drawings.  The
marginally coherent writings appear to be poetry, a paraphrased song lyric, and
a satanic incantation requesting the death of an unnamed male.  The crude drawings depict what appears to be
a female figure (1) hanging from a gallows over the caption, AYou=re mine
now!,@ (2) holding a dripping knife over the caption, AYou=re happy
now!,@ (3) with eyes shut, hands on hips, and legs crossed above the
caption, ADon=t say nothing!@ [sic], and
(4) being struck by lightning over the caption, AYou didn=t see
anything!@  Neither the writings nor the drawings refer
directly to Appellant.








The State objected to the
exhibit as hearsay, and the trial court sustained the objection.  This ruling forms the basis of Appellant=s complaint on appeal. 
Appellant argues that the trial court erred by excluding the exhibit
because it was admissible as a statement of S.R.=s then existing state of mind.

                                       Preservation of Error

Before we turn to the merits
of Appellant=s point, we
will consider the State=s argument
that Appellant failed to preserve error. 
To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).








To understand the State=s preservation
argument, we must examine the context of Appellant=s offer, the State=s objection, and
the trial court=s ruling. 
Appellant first attempted to offer the exhibit through Daniel Hartt, a counselor and therapist who counseled S.R.=s mother.  Hartt testified that
S.R.=s mother gave the papers in the exhibit to him and told him that they
belonged to S.R. The State objected to the exhibit as hearsay, and the trial
court sustained the objection.  Appellant
then argued that the exhibit was Aadmissible as medical treatment,@ elicited from Hartt testimony that S.R.=s mother gave him the papers in the course of her treatment, and urged
that the exhibit was Aadmissible under
Rule 803-4.@  The trial court replied, AThe problem that I have with them is that they=re unauthenticated.@ 

Appellant later attempted to
offer the exhibit through S.R.=s mother.  Her mother testified
that she recognized S.R.=s
handwriting on the papers and that she had given them to Hartt.  The following colloquy then occurred:

[DEFENSE
COUNSEL]: Offer it into evidence.

 

[PROSECUTOR]:
We would object.  This is still
hearsay.  Defense is trying to use the
argument that this is for the purpose of medical diagnosis and treatment.  It wasn=t for medical diagnosis and
treatment.  These aren=t
even statements she made for the purpose of medical diagnosis and treatment.  And the person she spoke with was a
counselor, so we would object.

 

THE COURT: The question is
whether or not this is hearsay.  Why is
it being offered?        

 

[DEFENSE
COUNSEL]: It=s
being offered because it=s
relevant to this case. And I can elaborate more on that if you want.  It=s relevant because it
shows the state of mind of [S.R.].

 

THE
COURT: Well, she admitted the things that are stated in the document.  Under Rule 613, if she admits it, then
extrinsic evidence is not admissible.

 








[DEFENSE
COUNSEL]: Well, I understand that, Judge, but it=s not
being offered as an inconsistent statement. 
It=s
being offered simply as an element of treatment in the same way that a medical
report would be offered in a sexual abuse case of a child to a doctor.

 

THE
COURT: Objection sustained.  [Emphasis
added.]

 

The State argues that
Appellant offered the exhibit under rule of evidence 803(4) as a statement for
medical diagnosis or treatment and not under rule 803(3) as a statement
reflecting the declarant=s state of
mind.  See Tex. R. Evid. 803(3)-(4). 
Therefore, argues the State, Appellant failed to preserve his complaint
that the statement was admissible under rule 803(3).

We disagree with the State=s interpretation of the record and its preservation analysis.  While Appellant originally offered the
exhibit as a statement for medical diagnosis or treatment, he specifically
argued to the trial court that it was admissible to show S.R.=s state of mind.  The specific
ground for the ruling desired by AppellantCadmission of the exhibitCis apparent from  both the context
of his offer and his argument to the trial court.  See Tex.
R. App. P. 33.1(a)(1).  We hold
that Appellant preserved for review his complaint that the exhibit was
admissible under rule 803(3).

Admissibility








We turn now to the question of whether the trial court
erred by excluding the exhibit.  We review a trial court=s ruling to admit or exclude evidence under an abuse of discretion
standard.  Weatherred v. State, 15
S.W.3d 540, 542 (Tex. Crim. App. 2000); Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1991) (op. on reh=g).  If the court=s decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Weatherred,
15 S.W.3d at 542; Montgomery, 810 S.W.2d at 391.  Whether an out-of-court statement falls under
an exception to the hearsay rule is within the trial court=s discretion.  Coffin v.
State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).  Great latitude should be allowed the accused
in showing any fact that would tend to establish ill feeling, bias, motive, and
animus on the part of any witness testifying against him.  Felan v. State, 44 S.W.3d 249, 254
(Tex. App.CFort Worth
2001, pet. ref=d).  However, the trial court has considerable
discretion in determining how and when bias may be proved and what collateral
evidence is material for that purpose.  Id.

Appellant argues that the
trial court abused its considerable discretion when it sustained the State=s hearsay objection because the exhibit was admissible under rule
803(3)=s state-of-mind hearsay exception. 
We disagree.

Rule 803(3) provides that an
out-of-court statement is not excluded by the hearsay rule if it is








[a]
statement of the declarant=s then existing state of
mind, emotion, sensation, or physical condition (such as intent, plan, motive,
design, mental feeling, pain, or bodily health), but not including a statement
of memory or belief to prove the fact remembered or believed unless it relates
to the execution, revocation, identification, or terms of declarant=s
will.

 

Tex. R. Evid. 803(3).  The writings in
question arguably show that S.R. fantasized about the death and damnation of an
unnamed male person; the inference arising from the drawings, if any, is more
obscure.  Whether the writings and
drawings are a statement of S.R.=s state of mind, emotion, or mental feeling at the time she made them
is a question over which reasonable minds could disagreeCin other words, a question within the zone of reasonable disagreement
where the trial court=s discretion
must prevail.








As authority for his
argument, Appellant relies exclusively on Lape v. State, 893 S.W.2d 949
(Tex. App.CHouston
[14th Dist.] 1994, pet. ref=d).  Lape is
distinguishable from our case.  Lape was
accused of sexually assaulting his stepdaughter.  His defensive theory was that his estranged
wife fabricated the accusation so that she could obtain custody their son.  Id. at 952.  Lape offered, but the trial court excluded,
the testimony of several witnesses that his estranged wife threatened to do
whatever she had to do to get custody of the son.  Id. at 960.  The court of appeals reversed Lape=s conviction, holding that the trial court abused its discretion by
disallowing the testimony because the statements clearly showed the wife=s mental and emotional state over the custody battle and her motive
and intent to lie about Lape.  Id.
at 960-61.  By contrast, S.R.=s writings and drawings in this case are far more ambiguous in
meaning, do not refer overtly to Appellant, and do not clearly show S.R.=s mental and emotional state with regard to Appellant or her motive
and intent to lie about him.  This
distinction is enough to make the trial court=s decision to exclude the evidence in our a case an appropriate
exercise of discretion, rather than an abuse of discretion as in Lape.    

Under the circumstances, we
cannot say that the trial court abused its discretion by rejecting Appellant=s rule 803(3) argument and sustaining the State=s hearsay objection.  We overrule
Appellant=s sole
point.  We save for another day the State=s argument that the satanic invocation was properly excluded as an
attempt to challenge S.R.=s
credibility by way of her Areligious beliefs@ under rule 610.  See Tex. R. Evid. 610.

                                             Conclusion

Having overruled Appellant=s sole point, we affirm the judgment of the trial court.  See Tex.
R. App. P. 43.2(a).

 

ANNE GARDNER

JUSTICE

 

PANEL B:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2005











[1]See Tex. R. App. P. 47.4.